### ALBERT W. CURTIS *vs.* INHABITANTS OF PEMBROKE.

A citizen of a town who enlisted in the military service of the United States after a prom-
ise of the town to pay a monthly sum to each citizen thereof who should so enlist had
been terminated, under *St.* 1861, *c.* 222, § 2, by the lapse of ninety days, cannot maintain
any action against the town to recover the bounty so voted.

CONTRACT brought by an inhabitant of Pembroke to recover
bounty money voted by that town to enlisted soldiers. Judg-
ment was rendered for the defendants in the superior court,
upon agreed facts which are sufficiently stated in the opinion ·
and the plaintiff appealed to this court.

*J. K. Hayward,* for the plaintiff.

*B. W. Harris,* for the defendants.

GRAY, J. This plaintiff's claim is founded upon the vote
quoted in the opinion in the next preceding case. *Grover* v.
*Pembroke, ante,* 88. But this case is essentially different from
that. The plaintiff produces no evidence whatever of any con-
tract by the town with him or of any action of the town by
which he was induced to become a soldier. He never enlisted
in the militia at all, and his enlistment into the service of the
United States was nearly four months after this vote was passed
by the town, and three months after the *St.* of 1861, *c.* 222, took
effect. Upon any possible construction, no contract, or form of
contract, had been made between him and the town when that
statute went into operation. No such contract was therefore
ratified by that statute. All similar contracts for the future were
absolutely prohibited by it. And the town never renewed its
offer afterwards. If it had done so, and the plaintiff had ac-
cepted the offer, their express contract might have been ratified
by the *St.* 1863, *c.* 38. But we cannot imply such a contract in
the absence of proof. It is more reasonable to suppose that
both the town and the plaintiff understood the offer contained
in the vote of the town to be withdrawn or annulled by the *St.*
of 1861. The reasons on which we have held in *Grover's case*
that a contract which once existed in form, and had been ter
minated by the *St.* of 1861, was not revived by the *St.* of 1863
apply with increased force to this case.

*Judgment for the defendants.*